NEW JERSEY DEPARTMENT OF LABOR.
WORKMEN'S COMPENSATION BUREAU.

WALTER CLIFF, PETITIONER, v. BECKLY PERFORATING COMPANY, RESPONDENT.

**Petitioner Not Appearing at Hearing—Petitioner Not Acting in Capacity Claimed—Petition Dismissed.**

On determination and dismissal.

For the petitioner, Samuel Greenstone.

For the respondent, Richard W. Baker.

A formal claim petition having been filed in the above matter asking for compensation under the terms of the Compensation law of this state, and an answer having been duly filed, the case came on for a formal hearing before me in Elizabeth on June 4th, 1925, at ten A. M., the petitioner being represented by Attorney Samuel Greenstone and the respondent being represented by Attorney Richard W. Baker. On that date the attorney for the petitioner appeared and the attorney for the respondent, with the witnesses for the respondent, appeared, but the petitioner did not appear.

The case was held until two o'clock, when the attorney for the petitioner appeared with an affidavit from the petitioner's

N. J. Dept. Labor—Cliff v. Beckly Perforating Co.

wife, stating that the petitioner was called away to the plant where he was employed as a machine operator, where he had to take the place of the foreman of the tool department, who was sick, and that unless he appeared the department would close down. On the strength of this affidavit the case was adjourned, over the objection of the attorney for the respondent, to June 18th.

On June 18th, 1925, at ten A. M., the case came on for a hearing, at which time the attorney for the petitioner was present but the petitioner did not appear. The attorney for the respondent appeared and produced an affidavit from the superintendent of the plant of the Kenilworth Button Manufacturing Company, where the petitioner worked, which showed that the petitioner did not at any time act as a foreman of the tool department. Accordingly, a motion of the attorney for the respondent to dismiss the case as not having been moved was not only granted as of the date of the hearing on June 18th, but was granted as of June 4th, when the adjournment was granted merely because of a production of an affidavit which proved to be false.

Accordingly, this case is hereby dismissed, with costs assessed against the petitioner.

CHARLES E. CORBIN,
*Deputy Commissioner.*